## PULPAN et al. v. STATE NAT. BANK OF LOVELADY, TEX.

### No. 9959.

Court of Civil Appeals of Texas. Galveston.
March 16, 1934.

N. H. Phillips, of Crockett, for plaintiffs in error.

GRAVES, Justice.

The nature and result of the suit is thus correctly stated in the brief for plaintiffs in error, none having been filed for the bank:

"This was suit on promissory note and mortgage in which plaintiff sought judgment for debt, together with foreclosure of lien on personal property.

"A writ of sequestration was sued out against the property in plaintiff's petition.

"The affidavit and bond both set out an itemized valuation of the property.

"But the writ of sequestration and the Sheriff's return thereon do not contain the valuations in whole or in part of the property on which the levy was directed to be made, nor that on which the returns show levy was actually made.

"The property levied upon was re-possessed by defendant, Frank Pulpan, under replevy bond, reciting that the Sheriff had valued the property replevied at $465.00.

"Defendant Frank Pulpan, by his attorney, Frank Holaday, filed an answer in the cause consisting of general demurrer, special exceptions, and general denial, but upon the trial both the defendant Frank Pulpan and his attorney, Frank Holaday, failed to appear and prosecute the defenses in their answers set up, and the Court—upon hearing—gave judgment against Frank Pulpan for the sum of $355.17 principal, interest. and attorney's fees, with interest from date of judgment at 10%, and for all costs.

"In satisfaction of such judgment the Court decreed a foreclosure of the mortgage-liens in plaintiff's petition and affidavit alleged to exist against the personal property of defendant, Frank Pulpan, as more fully described in the pleadings, the replevy-bond, and the judgment, without any reference, whatever, to the fact that they had been replevied and without any evidence or finding of value of the property as of the date the levy was made thereon, or as of the date the same was replevied, or as of the date of the trial of the cause, and without any proviso being inserted or included in the judgment giving to the defendant, Frank Pulpan, the right to settle the judgment. in whole or in part by the tender of the property replevied—undamaged—to the officer levying the writ of sequestration, for credit to the extent of the value thereof on the judgment.

"The Court further, after reciting the execution of the replevy-bond, rendered judgment for the full amount of plaintiff's demand as above described against Frank Pulpan, and all his sureties on the replevy-bond, aforesaid, that is, against all plaintiffs-in-error in this proceeding."

The cause comes here through writ of error, sued out in due order, and upon a record that discloses the proceedings—as above recited—to have been taken, but without a statement of facts.

Obviously, a reversal must be ordered for the failure to so fix the values in the judgment, and in performing that duty, this court, conscious of no better way, feels con-

strained to adopt as its accompanying opinion this characteristic brief of that able lawyer, the Honorable N. H. Phillips, lately of Crockett, Tex., who, since filing it here in behalf of his client, has gone to his final reward:

"The third assignment of error expressly complains of the action of the court in not finding as to each item and setting out the value of the property levied upon by plaintiff below and replevied by defendant below, as follows:

"The court erred to the prejudice and injury of the defendants in the trial court, plaintiffs in error here, in rendering judgment foreclosing lien on the property described in plaintiff's petition, and in the judgment herein, without including a finding as to the value of each item, either at the date of February 23, 1932, when the replevin bond herein was approved, or upon the date of the trial, in order' that the statutory rights of the defendants and their sureties under the replevin bond to settle the judgment in whole or in part by tender, uninjured and undamaged, of the property in the writ of sequestration and replevin bond described in settlement, in whole or in part, of the judgment in said cause rendered.

"The decree complained of is to be found in the transcript, and shows that judgment was rendered against the sureties on the replevin bond, without express finding by the trial court as to the value of each item of the property replevined, and is also against the sureties for all costs.

"The opinion in the case of Johnson et al. v. Whitaker, decided in the Court of Civil Appeals at Amarillo, May 24th, opinion by Chief Justice Hall, published in 60 S.W.(2d) 848, definitely rules the Pulpan case in favor of plaintiffs in error.

"The holding in the Johnson Case is that judgment against sureties on replevin bonds must fix separate value for each item of the property replevined, and failure to do so renders such judgment void, and further that sureties on the replevin bond are not liable for costs.

"The inclusion of costs in the judgment against the sureties is not assigned as error, but, if we may, we would like to assign it now and hereby, as error manifest upon the face of the record proper and fundamental."

Reversed and remanded.